IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>$140,690.00 UNITED STATES CURRENCY,<br><br>AND<br><br>2019 HONDA CIVIC,<br><br>            Defendants. | Civil No. 8:24CV101<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, for its cause of action against the defendant property, pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, states and alleges as follows:

**Nature of the Action**

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

**The Defendant *in rem***

2. Defendant property is $140,690.00 United States currency seized by law enforcement from a vehicle operated by Jacob Anthony Pennewell-Battaglia during a traffic stop on westbound Interstate 80 at 72nd Street, Omaha on January 10, 2023.

3. Defendant property, 2019 Honda Civic seized by law enforcement during a traffic stop on westbound Interstate 80 at 72nd Street, Omaha on January 10, 2023.

4. The United States Marshals Service currently has custody of the defendants' property.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction for an action commenced by the United States pursuant to 28 U.S.C. § 1345, and for an action for forfeiture pursuant to 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881.

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

8. Defendant property, $140,690.00 United States Currency, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and/or 3) money, negotiable instruments and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

9. In addition, defendant property, 2019 Honda Civic is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it was used or intended to be used to transport or facilitate the currency.

## Facts

10. On January 10, 2023, Douglas County Sheriff's Office (SCSO) Deputy Andrew Kubik was travelling westbound on Interstate 80 when he observed a 2019 Honda Civic speeding.

11. Officers stopped the 2019 Honda Civic for the speeding traffic violation.

12. There was one occupant in the car identified as Jacob Anthony Pennewell-Battaglia ("Battaglia").

13. Battaglia was also the registered owner of the vehicle.

14. Deputy Kubik observed Battaglia to be extremely nervous as his hands were shaking excessively while opening the glove box to retrieve his paperwork.

15. Battaglia told Deputy Kubik that he was originally from Wisconsin but had moved to San Francisco, California four to five months prior.

16. Battaglia claimed to be returning to California after visiting his family for the holidays in Wisconsin.

17. Battaglia advised he had only been arrested for a DUI when he was eighteen years old.

18. Because of Battaglia's extreme nervousness, Dep. Kubik asked Battaglia if he had any methamphetamine, heroin or marijuana in the vehicle.

19. Battaglia stated "absolutely not" and shook his head no.

20. When asked if he had any large amounts of U.S. currency in his possession, Battaglia stated "no" and looked down and away.

21. A records check showed that Battaglia had been arrested in 2019 in Wisconsin for possession of THC, which Battaglia had omitted when asked about his criminal history.

When asked why he had omitted the prior marijuana charge, Battaglia stated it was just one charge and was a long time ago.

22. Dep. Kubik observed Battaglia's carotid artery pulsating, and Battaglia appeared extremely nervous.

23. Battaglia again stated he did not have any large amount of currency in his possession and claimed to only have approximately $800.00 in his wallet.

24. Dep. Kubik requested consent to search the Honda Civic. Battaglia denied Dep. Kubik's request.

25. Dep. Kubik deployed his Douglas County Sheriff Office's Police Narcotics K9 to perform an open air sniff around the Honda Civic.

26. The K9 indicated to the odor of narcotics emitting from within the Civic.

27. Subsequently, law enforcement conducted a probable cause search of the Civic.

28. Law enforcement located a duffle bag in the trunk of the vehicle that contained bundles of U.S. currency totaling $140,690.00.

29. A notebook containing a drug ledger and a safe deposit box key were also located in the vehicle.

30. Battaglia denied consent for law enforcement to search his cell phone. Law enforcement seized Battaglia's cell phone.

31. Following the seizure, law enforcement conducted a discretionary K-9 deployment of the currency at law enforcement's office. The K-9 gave a positive alert to the presence of narcotics on the currency.

32. Mr. Battaglia was released from the scene without the subject vehicle.

33. On February 8, 2023, DEA adopted this matter and posted notice and mailed notices to Battaglia on February 22, 2023 and November 15, 2023. On December 19, 2023, DEA received a timely Petition for Remission of Forfeiture dated December 18, 2023, from Mr. Battaglia through counsel of the petitioner alleging that he is entitled to the return of his property and vehicle. An online claim was also submitted December 19, 2023 via www.forfeiture.gov by Battaglia.

34. The $140,690.00 in U.S. Currency and 2019 Honda Civic seized from a suspected drug courier showed no evidence that it was ever engaged in legitimate business.

## Claim for Relief

WHEREFORE the United States of America prays the defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the defendant property be condemned, as forfeited, to the United States of America

and disposed of according to law and regulations; that the costs of this action be assessed against the defendant property; and for such other and further relief as this Court may deem just and equitable.

        UNITED STATES OF AMERICA,
Plaintiff

SUSAN T. LEHR
United States Attorney

By:    s/ Kimberly C. Bunjer
KIMBERLY C. BUNJER, #20962
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel:  (402) 661-3700
Fax:  (402) 345-5724
E-mail:  kim.bunjer@usdoj.gov

## VERIFICATION

I, Joshua D. Echtinaw hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration (DEA) that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 10 through 34 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a with Drug Enforcement Administration (DEA).

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2024.

TFO J.O.E.
JOSHUA D. ECHTINAW
Task Force Officer,
Drug Enforcement Administration (DEA)